Argued November 22, affirmed December 9, 1974

MILLER, *Respondent, v.* I. P. MILLER
LUMBER, INC. (No. 28296), *Appellant.*

528 P2d 1100

*Frank A. Moscato, Jr.,* Beaverton, argued the cause for appellant. On the brief were Philip A. Mongrain and Roger R. Warren, Beaverton.

*J. David Kryger,* Albany, argued the cause for re-

spondent. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

In this workman's compensation case claimant was given an award of 240 degrees for unscheduled disability by the hearing officer. The Workmen's Compensation Board affirmed this award, but on appeal the circuit court found claimant permanently totally disabled.

On appeal to this court the employer seeks reinstatement of the Workmen's Compensation Board's order or in the alternative a finding that claimant is entitled to no more than 320 degrees, the maximum allowable for unscheduled permanent partial disability.

As the hearing officer noted in his opinion, "medically, this is a very confused and complex case." Nevertheless, for the reasons which follow, we find that the substance of the opinions of the medical experts is:

  1. Claimant's present problems which are in large part emotional stem from his compensable accident.

  2. The prognosis for improvement is poor.

  3. Absent improvement, claimant is unemployable.

  4. Claimant is not malingering. (On this issue the hearing officer specifically found that he had no reason to question claimant's credibility.)

Therefore, under the law, claimant must presently be considered permanently totally disabled.

Claimant has a high school education and no specialized training. Other than two years in the army, his work experience has been confined to farm labor and ten years' work as a laborer in the I. P. Miller Lumber company mill where he was employed as a carrier driver at the time of his accident.

Prior to the accident claimant worked regularly, engaged in strenuous physical activities outside of his employment, had no apparent physical or emotional difficulties, and satisfactorily filled the role of husband and father.

On August 29, 1970 when claimant was 35 years old, a lumber carrier he was driving overturned. As a result claimant suffered a fracture of his left heel. Subsequently he complained of low back pain and a herniated lumbar disc was diagnosed. A lumbar laminectomy was performed with removal of extruded disc material. Since then claimant has complained of severe back, right leg and neck pain, dizziness and loss of memory. He says he cannot walk any significant distance, cannot bend or lift without difficulty, falls asleep if he attempts to drive a vehicle, cannot sit for long without pain—in short cannot do much of anything.

The various doctors who examined him are unanimous in finding that while he has some residual physical disability, most of his complaints have an emotional as distinguished from physical source.

A psychiatrist, Dr. Guy Parvaresh, who examined claimant at the request of the employer, reported:

"It is my clinical opinion that Mr. Dannie Miller is probably experiencing a chronic anxiety neurosis superimposed on a passive-dependent personality.

The degree of impairment is quite difficult to assess as he obviously exaggerates the degree of his discomfort and functional impairment. He is quite angry and negativistic regarding any form of psychiatric care and as such it would be most difficult if not impossible to help this man unless he decides that he needs help. Unfortunately, it is two and a half years since his initial accident and he has developed a fixed pattern and therefore the prognosis would be guarded regarding total recovery. In all probability considering the nature of the illness, his negativistic attitude and the length of time lapsed since the initial injury, the case may be considered fixed and not in need of any further treatment. If we accept the fact that he had no major psychiatric problems prior to his accident and since the accident he has experienced much of the psychophysiological musculoskeletal disorder, then we could presume that the accident did contribute to the present psychological disorder * * * ."

In light of Dr. Parvaresh's medical opinion as to claimant's condition, the cause and prognosis as set forth above, we cannot understand and therefore cannot attach any significance to his concluding sentence which immediately followed the above:

"* * * It is my further opinion that the psychiatric impairment should not be greater than twenty per cent of the maximum allowed for unspecified injuries."

Claimant was evaluated by Dr. Norman Hickman, a psychologist. His report contains the following:

"* * * The psychological evaluation reveals that this patient is functioning at a lower average to dull normal intellectual level with both verbal and nonverbal materials * * *.

"* * * [His] personality structure is judged to be chronic in nature and pre-dated his injury, how-

ever the injury has certainly aggravated his psychopathology and it appears that the psychopathology largely grows out of the injury * * *.

"* * * The patient appears to be disinclined to consider any other type of employment at this time and indeed he does not possess strong aptitudes in any area which was measured. It will be very difficult to rehabilitate this patient to full time gainful employment."

Affirmed.